## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

WESTERN WYVERN CAPITAL
INVESTMENTS, LLC,

      Plaintiff,

    v.                                                                  Case No. 8:22-cv-191-WFJ-SPF

BANK OF AMERICA, N.A.,

      Defendant.

_____/

## ORDER GRANTING MOTION TO STRIKE

This matter comes before the Court on Defendant Bank of America, N.A.'s Motion to Strike Plaintiff's Demand for Jury Trial. Dkt. 42. Plaintiff Western Wyvern Capital Investments, LLC filed a response in opposition, Dkt. 46, to which Defendant replied, Dkt. 50. The Court received cogent oral argument from the parties on this matter on September 23, 2022. Dkt. 58. Upon careful consideration, the Court grants Defendant's motion.

A party may waive its Seventh Amendment right to a jury trial through a knowing and voluntary waiver. *Bakrac, Inc. v. Villager Franchise Sys., Inc.*, 164 F. App'x 820, 823 (11th Cir. 2006). In determining whether a party's jury waiver was knowing and voluntary, courts consider the following factors: (1) the conspicuousness of the waiver provision; (2) the relative bargaining power of the

parties; (3) the sophistication of the party challenging the waiver; and (4) whether the terms of the contract were negotiable. *Id.* at 823−24. No single factor is conclusive. *Madura v. BAC Home Loans Servicing L.P.*, 851 F. Supp. 2d 1291, 1294 (M.D. Fla. 2012). A court must also consider whether the waiver provision is "unconscionable, contrary to public policy, or simply unfair" in light of the surrounding circumstances. *Id.*

Here, the jury waiver provision Defendant seeks to enforce is located within the Deposit Agreement governing Plaintiff's account. *See* Dkt. 42-1 at 81. On two separate occasions, Plaintiff's managing member executed a one-page Business Signature Card that expressly states that Plaintiff's account is governed by the terms of the Deposit Agreement. *Id.* at 5−6. While the Deposit Agreement is seventy-one pages in length, the jury waiver provision therein is conspicuous. *See id.* at 81; *Balchunas v. Bank of Am., N.A.*, No. 2:20-cv-14106-ROSENBERG/MAYNARD, 2020 WL 4718435, at *2 (S.D. Fla. Aug. 13, 2020). The jury waiver provision is set apart in its own paragraph printed in bold, capitalized font under the heading "Resolving Claims," and its language is clear and unambiguous. *See* Dkt. 42-1 at 81.

Though Plaintiff claims its managing member did not receive a copy of the Deposit Agreement when executing the Business Signature Card, Dkt. 46-2 at 6, nothing suggests that Plaintiff was forced into this transaction. The ability to walk

away from a deal is "a strong bargaining chip" when assessing parties' relative bargaining power and ability to negotiate. *Madura*, 851 F. Supp. 2d at 1295.

Moreover, Plaintiff's managing member is undoubtedly a sophisticated and experienced party. For decades, Plaintiff's managing member has served as the chief executive officer of "one of the largest technology solutions firms in the United States" with "thousands of employees." Dkt. 46-2 at 2−3. Plaintiff's managing member is therefore more sophisticated than the average person opening an account with Defendant, and he should have known to request a copy of the Deposit Agreement before executing the Business Signature Card. In fact, by executing the Business Signature Card, Plaintiff's managing member expressly "acknowledge[d], agree[d], and consent[ed]" to Plaintiff's account being governed by the terms of the Deposit Agreement and being "in receipt" of those terms. *See* Dkt. 42-1 at 5−6.

Finally, nothing suggests that this jury waiver provision is unconscionable, contrary to public policy, or simply unfair in these circumstances. Considering all of the factors and the totality of the circumstances, Plaintiff's waiver of its right to trial by jury was knowing and voluntary. The jury waiver provision within the Deposit Agreement shall be enforced.

## CONCLUSION

Based on the foregoing, Defendant's Motion to Strike Plaintiff's Demand for Jury Trial, Dkt. 42, is **GRANTED**. Plaintiff has waived its right to a trial by jury.

**DONE AND ORDERED** at Tampa, Florida, on October 3, 2022.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record