UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WESTERN WYVERN CAPITAL
INVESTMENTS, LLC,

    Plaintiff,

v.                                                   Case No: 8:22-cv-191-WFJ-SPF

BANK OF AMERICA, N.A.,

    Defendant.
_____/

## ORDER

This matter comes before the Court on Defendant Bank of America, N.A.'s Motion to Strike Plaintiff's Demands for Consequential Damages and Attorneys' Fees. Dkt. 86. Plaintiff Western Wyvern Capital Investments, LLC, responded in opposition, Dkt. 91, to which Defendant replied, Dkt. 92. Upon careful consideration, the Court denies Defendant's motion.

## BACKGROUND

In October 2021, Plaintiff, a venture capital firm, opened a business advantage checking account with Defendant in Tampa, Florida. Dkt. 25 at 5−6. After depositing roughly $3,120,000 into its account, Plaintiff states that it withdrew $1,001,000 from the account for legitimate business purposes and business expenses. *Id.* at 6, 13−14. Thereafter, Defendant purportedly froze

Plaintiff's funds for four months without explanation. *Id.* at 14−15.

Based on the freezing of its account, Plaintiff brought a four-count Amended Complaint against Defendant on April 15, 2022. Plaintiff's claims include intentional interference with an advantageous business relationship (Count I), breach of implied covenant of good faith and fair dealing (Count II), breach of contract (Count III), and promissory estoppel (Count IV). *Id.* at 21−30.

After unsuccessfully moving to dismiss or strike the Amended Complaint, *see* Dkt. 32, Defendant filed its Answer on June 14, 2022, Dkt. 34. About two months later, Defendant filed a motion to strike Plaintiff's demand for a jury trial, Dkt. 42, which the Court granted, Dkt. 64. Having filed another motion to strike on March 17, 2023, Defendant now seeks to strike from the Amended Complaint Plaintiff's demands for consequential damages and attorneys' fees. Dkt. 86.

## ANALYSIS

Motions to strike are governed by Federal Rule of Civil Procedure 12(f), which provides:

> The court may strike from a pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act: (1) on its own; or (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.

A motion to strike is a drastic remedy and disfavored by courts. *S.Y. v. Naples Hotel Co.*, 476 F. Supp. 3d 1251, 1259 (M.D. Fla. 2020). "Therefore, a motion to

2

strike may be granted only if 'the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party.'" *Id.* (quoting *Schmidt v. Life Ins. Co. of N. Am.*, 289 F.R.D. 357, 358 (M.D. Fla. 2012).

Filed eleven months after Plaintiff's Amended Complaint, Defendant's instant—and successive—motion to strike has been brought well beyond the deadlines imposed by Rule 12(f). Defendant provides no good cause for this marked untimeliness. Defendant's motion is due to be denied for this reason alone. *See, e.g.*, *Vista Mktg., LLC v. Burkett*, No. 8:12-cv-1640-T-30TBM, 2013 WL 5651813, at *1 (M.D. Fla. Oct. 16, 2013) (denying as untimely plaintiff's motion to strike filed eleven months after first defendant's answer and over a year after second defendant's answer); *Gyenis v. Scottsdale Ins. Co.*, No. 8:12-cv-805-T-33AEP, 2013 WL 3013618, at *1 (M.D. Fla. June 14, 2013) (denying defendant's motion to strike filed over one year after defendant removed case to federal court and filed answer).

Moreover, the Court does not find Plaintiff's demands for consequential damages and attorneys' fees to be so "redundant, immaterial, impertinent, or scandalous" that they warrant the drastic remedy of being stricken. *See* Fed. R. Civ. P. 12(f). Plaintiff contends that ongoing discovery may reveal its entitlement

3

to these damages and fees. Dkt. 91 at 4, 16–17. For these reasons, the relief Defendant seeks is better addressed at the summary judgment stage.

## CONCLUSION

Accordingly, Defendant's Motion to Strike Plaintiff's Demand for Consequential Damages and Attorneys' Fees, Dkt. 86, is **DENIED**. Defendant may raise its present arguments in a summary judgment motion.

**DONE AND ORDERED** at Tampa, Florida, on April 17, 2023.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO:**
Counsel of Record