UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WESTERN WYVERN CAPITAL
INVESTMENTS LLC,

       Plaintiff,

v.

                                     Case No. 8:22-cv-00191-WFJ-SPF

BANK OF AMERICA, N.A.,

       Defendant.

_____/

**REPORT AND RECOMMENDATION**

Defendant Bank of America, N.A. asks the Court to award it $52,016.31 in litigation costs under 28 U.S.C. § 1920 and Rule 54(d)(1) as the prevailing party (Doc. 178). It attaches a proposed bill of costs and supporting invoices to its motion (Docs. 178-1, -2). Plaintiff Western Wyvern Capital Investments LLC objects to the amount, arguing that the Defendant has not met its burden of showing that the deposition transcript and related costs totaling $51,353.11 were necessary for the case (Doc. 183). The undersigned recommends granting the motion in part.

    **I.**    **Background**

In January 2022, Plaintiff sued Defendant for breach of contract and intentional interference with an advantageous business relationship, among other business torts (Doc. 1). According to Plaintiff, Defendant acted improperly and cost Plaintiff millions of dollars in investment value when it froze and placed a legal hold on Plaintiff's bank account (*see* Doc. 163). Defendant maintained that it was merely exercising its contractual rights (*Id.*). In June 2024, the district judge granted summary judgment in Defendant's favor (Doc. 163), and the

1

Eleventh Circuit affirmed the grant of summary judgment in April 2025 (Doc. 176).  Since then, Defendant has filed renewed motions for attorneys' fees and costs (Docs. 178, 179), to which Plaintiff objected (Docs. 182, 183).[1]  Defendant has withdrawn its attorneys' fees motion (Doc. 185), so the remaining motion before the Court is Defendant's motion to tax costs (Doc. 178).

Defendant seeks $52,016.31 in costs as the prevailing party under 28 U.S.C. § 1920 and Rule 54(d)(1).  Defendant requests: (1) $51,353.11 for transcripts necessarily obtained during this litigation under § 1920(2); (2) $268.00 for serving a summons and subpoena under § 1920(1); and (3) $395.20 for making courtesy copies of documents for the Court under § 1920(4) (Doc. 178 at 2).  Plaintiff objects to the first category of costs only.  Within the first category, Defendant seeks reimbursement for the cost of obtaining 22 deposition transcripts and the video recordings of eight of these 22 depositions, and the May 22, 2024 transcript of the hearing on Defendant's summary judgment motion and motions to exclude Plaintiff's experts (*see* Doc. 162).  Plaintiff urges the Court not to award Defendant *any* costs for the first category, because Defendant failed to demonstrate their necessity (Doc. 183).  In the alternative, Plaintiff asks the Court to reduce the award (*Id.*).

## II.    Legal Standard

Rule 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). "Under Rule 54(d), there is a strong presumption that the prevailing party will be awarded costs." *Mathews v. Crosby*, 480 F.3d 1265, 1276 (11th Cir.

---

[1] The Court denied Defendant's initial fees and costs motions as moot pending the completion of the appeal process (Doc. 172).

2007) (citing *Arcadian Fertilizer, L.P. v. MPW Indus. Serv., Inc.*, 249 F.3d 1293, 1296 (11th Cir.

2001)). Such costs, however, may not exceed those permitted by 28 U.S.C. § 1920, which

itemizes allowable costs as:

> (1)  Fees of the clerk and marshal;
> (2)  Fees for printed or electronically recorded transcripts necessarily
>      obtained for use in the case;
> (3)  Fees and disbursements for printing and witnesses;
> (4)  Fees for exemplification and costs of making copies of any materials
>      where the copies are necessarily obtained for use in the case;
> (5)  Docket fees under 28 U.S.C. § 1923;
> (6)  Compensation of court appointed experts, interpreters, and costs of
>      special interpretation services.

28 U.S.C. § 1920.

"The party requesting costs has the burden of submitting a request that enables the

court to determine what costs the party incurred and the party's entitlement to an award of

those costs." *L. Squared Indus., Inc. v. Nautilus Ins. Co.*, No. 3:21-cv-1104-BJD-PDB, 2023 WL

11805111, *1 (M.D. Fla. Dec. 19, 2023) (citing *Loranger v. Stierheim*, 10 F.3d 776, 784 (11th

Cir. 1994)). "Failure to provide sufficient detail or supporting documentation verifying the

costs incurred and the services rendered can be grounds for denial of costs." *TMH Med. Servs.,*

*LLC v. Nat'l Union Fire Ins. Co. of Pittsburg, PA*, No. 6:17-cv-920-Orl-37DCI, 2020 WL 5984040,

at *2 (M.D. Fla. Sept. 22, 2020).  In contrast, "[w]hen challenging whether costs are properly

taxable, the burden lies with the losing party, unless the knowledge regarding the proposed

cost is a matter within the exclusive knowledge of the prevailing party." *Erenler v. TJM Props.,*

*Inc.*, No. 8:21-cv-0671-SDM-SPF, 2024 WL 5339495, at *3 (M.D. Fla. Nov. 20, 2024)

(citation omitted).

### III.    Analysis

Plaintiff objects to Defendant's proposed Bill of Costs (Doc. 178-1), arguing that of the

$51,353.11 Defendant requests for transcripts under 28 U.S.C. § 1920(2), the Court should

deny all costs or at least reduce the award by $27,607.21 to $24,409.10 (Doc. 183 at 5, 14).[2]

### A.  Deposition Transcripts and Court Reporter Fees

Section 1920(2) permits the prevailing party to recover "[f]ees for printed or

electronically recorded transcripts necessarily obtained for use in the case." 28 U.S.C. §

1920(2).  Although the section does not use the word "deposition," taxation of deposition

costs is authorized by § 1920(2).  *U.S. E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 620 (11th Cir.

2000). "The question of whether the costs for a deposition are taxable depends on the factual

question of whether the deposition was wholly or partially 'necessarily obtained for use in the

case.'" *Id.* (quoting § 1920(2)).

The quintessential example of a transcript "necessarily obtained for use in the case" is

a deposition transcript submitted by a party in support of or in opposition to a summary

judgment motion. *Shed v. Univ. of S. Fla. Bd. of Trs.*, No. 23-13746, 2025 WL 1540573, at *6

(11th Cir. 2025) (citing *W&O, Inc.*, 213 F.3d at 620).  Additionally, if the prevailing party

offers reasons why a deposition not used in summary judgment was still "necessary for use in

the case," it may be taxable unless the losing party "demonstrate[s] that the deposition was

not related to an issue present in the case at the time the deposition was taken." *Diagnostic

Leasing, Inc. v. Associated Indem. Corp.*, No. 8:16-cv-958-T-36TGW, 2019 WL 13021017, at * 3

---

[2] Plaintiff does not contest Defendant's entitlement to $268.00 in service fees and $395.20 in
copy costs.  These expenses are taxable under § 1920(1) and (4) respectively, and in the
absence of objection, should be awarded to Defendant.  The Court notes, however, that the
invoice supporting the $268.00 in service fees appears to relate to witness fees (*see* Doc. 178-1
at 5).

(M.D. Fla. July 23, 2019) (citing *W&O, Inc.*, 213 F.3d at 621). "However, costs are not recoverable where the deposition costs were merely incurred for convenience, to aid in thorough preparation, or for purposes of investigation only." *Shed*, 2025 WL 1540573 at *6 (citations omitted).

To support its argument that the transcripts were necessary to its case, Defendant string-cites docket entries but provides nothing more: "All twenty-two of these depositions were referenced in support of BANA's Motion for Summary Judgment and/or related briefing associated with same. *See generally*, D.E. 117, 118, 119, 120, 138, 139, 143, 144, 149, 150, 153, 154, 160, 161." (Doc. 178 at 7).[3] After wading through the docket, the undersigned has located specific references to 18 of the 22 depositions in Defendant's filings. Specifically, in Defendant's summary judgment motion (Doc. 118) and statement of material facts in support (redacted at Doc. 120, unredacted and sealed at Doc. 129), Defendant cites, attaches, and/or references the depositions of Pettaway, Tanner, Young, Williams, Fleisher, Veeramachaneni, Callahan, Abburi, Hanumara, Quish, Thota, Yalavarty, Bernstein, Aragon, Baptiste, Collins, Zavala, and Kreig.[4] Defendant has demonstrated that these 18 deposition transcripts were necessary to its case and are taxable under § 1920(2), including the court reporter attendance fees (Doc. 178-1 at 9–46). *See Nolen v. Fairshare Vacation Owners*

---

[3] Five of these docket entries are Plaintiff's filings (Docs. 138, 139, 143, 144, 161).

[4] Plaintiff urges the Court to exclude the deposition transcripts of its experts, Kreig and Bernstein, from taxable costs under § 1920(2), because Defendant did not rely on them in its summary judgment motion (Doc. 183 at 4). Defendant attached Kreig and Bernstein's deposition transcripts to its summary judgment motion, however (*see* Docs. 129-11, -12). Additionally, Defendant filed *Daubert* motions to exclude Kreig and Bernstein's expert reports on the same day it moved for summary judgment (*see* Docs. 117-119), and the Court heard the motions together (Doc. 162). These costs are taxable.

5

*Ass'n*, No. 6:20-cv-330-PGB-EJK, 2022 WL 3136863, *2 (M.D. Fla. May 26, 2022), *report and recommendation adopted*, 2022 WL 3136843 (M.D. Fla. June 13, 2022) (finding that court reporter's *per diem* attendance fee is taxable under § 1920(2)).

From the Court's review of Defendant's invoices, these 18 depositions total 4,076 pages, and the per-page transcription costs ranged from $3.75 to $5.25 (Doc. 178-1 at 9–46). Defendant does not explain why some transcripts have a higher per-page cost than others or why a higher price was necessary. Without this context, the Court reduces the per-page cost to $3.75 across the board, totaling $15,285.00 (4,076 pages x $3.75 per page). *See Erenler*, 2024 WL 5339495 at *7, n. 4 (reducing per-page cost to $3.25, the smallest per-page amount defendants paid, when they did not explain need for more expensive transcript). Additionally, Defendant is entitled to $4,146.25 in court reporter attendance fees.

Remaining is Defendant's request to recoup the transcript costs of four depositions that Defendant does not reference in its summary judgment filings or its *Daubert* motions (Goede, $742.65; Moodie, $1,168.80; Mendes, $1,296.55; and Khemlani, $1,677.00).[5] Defendant does not show how it used these depositions, how they related to issues in the case when they were taken, or why the Court should find that Defendant took these depositions out of necessity rather than convenience. Consequently, Defendant does not sufficiently detail the necessity of these four transcripts; they are *not* taxable under § 1920(2).

### B. Associated Costs

Plaintiff asks the Court to exclude miscellaneous deposition charges for "Logistics & Processing," "Processing & Compliance," "Litigation Package – Secure File Suite," "Hosting

---

[5]    In its summary judgment filings, Defendant relies on Mendes's declaration, not her deposition (*see* Doc. 129-9).

and Delivery of Encrypted Files," expedited or priority request fees, "Veritext Virtual Primary Participants," "Exhibits," "Veritext Exhibit Package (ACE)," "Condensed Transcripts," "Conference Suite and Amenities," "In-Person Coverage Fees," "Rough ASCII," and "Waiting Time of Service Professional" (*Id.*).   The Court agrees with Plaintiff that Defendant has not demonstrated why these additional charges were necessary and not simply for Defendant's convenience.  Without more, they are not taxable.  *Vinson v. Thee Tree House, LLC*, No. 8:22-cv-1928-WFJ-SPF, 2023 WL 6464114, at *5 (M.D. Fla. Oct. 4, 2023) (holding that "miscellaneous costs" for "Logistics, Processing & Electronic Files" are not taxable); *Erenler*, 2024 WL 5339495 at *7 (holding that "the prevailing party cannot recover the cost of deposition exhibits that were made merely for the convenience of counsel" and without showing necessity); *Erenler*, 2024 WL 5339495 at *7 (holding that costs to expedite transcripts are not taxable as a matter of course, but a court may award them if necessarily obtained); *Erenler*, 2024 WL 5339495 at *8 (holding that "transcript delivery fees, processing fees, and a fee called 'Litigation Package—Secure File Suit,'" without explanation are not taxable); *L. Squared Indus., Inc. v. Nautilus Ins. Co.*, No. 3:21-cv-1104-BJD-PDB, 2023 WL 11805111, at *3 (M.D. Fla. Dec. 19, 2023) (refusing to tax costs for "Hosting & Delivery of Encrypted Files," "In Person Coverage Fee," "Veritext Exhibit Package (ACE)," "Litigation Package-Secure File Suite," "Veritext Virtual Primary Participants," "Hosting & Delivery of Encrypted Files," and "Conference Suite & Amenities," because the defendant did not provide sufficient information to explain what these charges were for, how these charges were reasonable, or how these charges satisfy the plain language in § 1920)); *Bales v. Bright Solar Mktg. LLC*, No. 5:21-cv-496-MMH-PRL, 2023 WL 5726434, at * 6 (M.D. Fla. Aug. 15, 2023) ("The costs of rough draft transcripts are taxable if the party seeking to tax such costs shows that they are

necessary."); *Slater v. Progress Energy Serv. Co., LLC*, No. 8:09-cv-208-T-24-EAJ, 2010 WL

5209342, at *2 (M.D. Fla. Dec. 16, 2010) (refusing to tax costs for condensed transcripts when

defendant did not explain why they were necessary, rather than merely convenient); *Lanard*

*Toys Ltd. v. Dolgencorp, LLC*, No. 3:15-cv-849-MMH-PDB, 2021 WL 8200197, at *58 (M.D.

Fla. Aug. 20, 2021) (holding that taxing for "wait times" is unwarranted and defendant failed

to explain how this costs was allowable under § 1920).

## C. Video Depositions

Quoting *Morrison v. Reichhold Chemicals, Inc.*, 97 F.3d 460, 464–65 (11th Cir. 1996),

Defendant argues that when a party notices a deposition as a video deposition (as they did

here), "and no objection is raised at that time by the other party to the method of recordation

. . . it is appropriate under 28 U.S.C. § 1920 to award the cost of conducting the deposition in

the manner noticed" (Doc. 178).  But the Eleventh Circuit decided *Morrison* before Congress

amended 28 U.S.C. § 1920 to reflect that "[f]ees for printed *or* electronically recorded

transcripts" are recoverable.  28 U.S.C. § 1920(2) (emphasis added); *see Travelers Indemnity Co.*

*of Connecticut v. Attorney's Title Ins. Fund, Inc.*, No. 2:13-cv-670-FtM-38CM, 2019 WL 359862,

at *4 (M.D. Fla. Jan. 14, 2019) (distinguishing *Morrison* and finding videographer costs not

taxable under 28 U.S.C. § 1920 because it is an either/or proposition and prevailing plaintiff

did not explain why video depositions were necessary when it already had printed transcripts),

*report and recommendation adopted in relevant part*, 2019 WL 354881 (M.D. Fla. Jan. 29,

2019).  "Nonetheless, since then courts have found that the cost to videotape a deposition

may be taxed under 28 U.S.C. § 1920 if the prevailing party explains why it needed a video

transcript." *Erenler*, 2024 WL 5339495 at *6 (citing *Fantroy v. Publix Super Markets, Inc.*,

No.8:12-cv-1940-T-33EAJ, 2014 WL 408426, at *2–3 (M.D. Fla. Feb. 3, 2014)).

Here, Defendant noticed eight of the depositions as video depositions, and Plaintiff did not object (Doc. 178 at 7).[6]  The video cost of these depositions totaled $12,282.70 (Doc. 178-1 at 23, 26, 28, 31, 33, 35, 38, 40, 43, 45).  And there are additional surcharges totaling $1,372.85 for "Media and Cloud Services," "Digitizing & Transcript Synchronization," "Electronic Access, Video – Initial Services," "Video – Additional Hours, Video – Extended Hours," and "Out of Pocket Costs" (*Id.*).  Defendant does not explain why it needed to take these eight depositions by video or why the associated costs were necessary.  Crucially, Defendant also requests reimbursement for the written transcripts of these eight depositions (they are among the 18 the undersigned recommends the Court tax against Plaintiff, *see supra*).

Although Plaintiff failed to object when the depositions were noticed, Defendant has not shown that the videotaped depositions and associated costs were reasonably necessary when they already had printed transcripts.  The costs of the video depositions ($12,282.70) and supplemental video surcharges ($1,372.85) are not taxable under § 1920 (Doc. 178-1 at 13–44).  *See Adams v. Genesis Eldercare Rehab. Servs., LLC*, No. 5:23-cv-441-GAP-PRL, 2024 WL 5671248, at *3 (M.D. Fla. June 13, 2024), *report and recommendation rejected on other grounds*, No. 5:23-cv-441-GAP-PRL, 2024 WL 5671246 (M.D. Fla. July 29, 2024) ("Supplemental surcharges for video proceedings should not be taxed since the Court has already declined to tax costs for the video depositions.").

### D. Hearing Transcript

Finally, Defendant seeks to recover the cost of obtaining the transcript of the Court's May 22, 2024 summary judgment hearing.  "Like deposition transcripts,  the costs for

---

[6] The depositions of Veeramachaneni, Callahan, Aburri, Hanumara, Quish, Thota, Yalavary, and Bernstein were videoed (*see* Doc. 178 at 7).

court hearing transcripts are also allowed under section 1920." *Beasley v. Wells Fargo Bank, NA*, No. 6:20-cv-883-WWB-EJK, 2022 WL 18716682, at *6 (M.D. Fla. Aug. 4, 2022) (citing *In re Fundamental Long Term Care, Inc.*, 753 F. App'x 878, 884 (11th Cir. 2019) (per curiam)). The $222.00 cost for obtaining the hearing transcript is taxable under § 1920(2) (Doc. 178-1 at 47).

## IV. Conclusion

Defendant is entitled to $20,316.45 in taxable costs under § 1920, comprised of $15,285.00 for deposition transcripts, $4,146.00 in court reporter fees, and $222.00 for the summary judgment hearing transcript; $268.00 for costs of service; and $395.20 in copy costs.

Therefore, it is **RECOMMENDED:**

1. Defendants' Motion for Taxation of Costs (Doc. 178) be **GRANTED in part** and **DENIED in part**.

2. Defendants be awarded $20,316.45 in taxable costs under Rule 54(d)(1) and 28 U.S.C. § 1920.

**RECOMMENDED** in Tampa, Florida, on September 5, 2025.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE

## <u>NOTICE TO PARTIES</u>

Within fourteen days after being served with a copy of this Report and Recommendation, any
party may serve and file written objections to the proposed findings and recommendations or
request an extension of time to do so.  28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1.  Failure of any
party to timely object in accordance with the provisions of § 636(b)(1) waives that party's right
to challenge on appeal the district court's order based on the unobjected-to factual and legal
conclusions contained in this Report and Recommendation.  11th Cir. R. 3-1.